UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEIQING YAN,<br><br>   Plaintiff,<br><br>   v.<br><br>RUSLAN VDOVICENCO, et al.,<br><br>   Defendants. | Case No. 25-cv-09993-LJC<br><br>**ORDER GRANTING MOTION TO REMAND; GRANTING IN PART REQUEST FOR FEES**<br><br>Re: Dkt. No. 4 |

Before the Court is Plaintiff Weiqing Yan's Motion to Remand this matter to Alameda County Superior Court and request for attorney's fees against Defendant Ruslan Vdovicenco. ECF No. 4. This matter is suitable for resolution without oral argument and the hearing set for January 27, 2026 is hereby VACATED. *See* Civil L. R. 7-1(b). Having considered the record in this case, the arguments presented by the parties, and the relevant legal authorities, Plaintiff's Motion to Remand is GRANTED. Her request for attorney's fees is GRANTED in part.

## I.   BACKGROUND

Plaintiff filed an unlawful detainer action against Defendants Equaan Smith and Russell Robinson in Alameda County Superior Court to evict them from 6646 Saroni Drive, Oakland, California (the Property). *See* ECF No. 4-1 at 4-6 (Compl.). Plaintiff asserts that she purchased the Property in January 2025 at a trustee's sale following foreclosure, and that she is the rightful owner of the Property. *Id.* Ruslan Vdovicenco filed a prejudgment claim of right to possession, asserting that he was a tenant at the Property, thus adding himself as a defendant in the matter. *See id.* at 30. He then removed the action to federal court, contending that federal question jurisdiction existed because Plaintiff violated the Protecting Tenants at Foreclosure Act (PTFA). The first federal case, proceeding under case number 25-cv-06481, was assigned to Judge Donato. *See Yan v. Smith*, 25-cv-06481, ECF No. 1 (N.D. Cal. Aug. 1, 2025). Plaintiff filed a motion to

remand, which Judge Donato granted. *See Yan v. Smith*, No. 25-cv-06481-JD, 2025 WL 3199417, at *1 (N.D. Cal. Oct. 21, 2025). In relevant part, Judge Donato determined that the operative "complaint did not furnish a basis for federal question jurisdiction" and "Vdovicenco's belief that the PTFA may be a defense to unlawful detainer is not grounds for removal to federal court," as "[a] federal defense to a state law claim does not create federal question jurisdiction." *Id.* Judge Donato also determined that the Court "cannot exercise diversity jurisdiction" over the matter. *Id.* He denied Plaintiff's request for attorneys' fees, finding that Vdovicenco, a pro se litigant facing eviction, was "entitled to some benefit of the doubt." *Id.* at 2.

The matter was remanded back to state court. Vdovicenco then removed it again, asserting for a second time that this court has subject matter jurisdiction over the case. *See* ECF No. 1 (Notice of Removal) ¶ O. As in his first Notice of Removal, Vdovicenco asserts that Plaintiff's attempt to evict him violates the PTFA, and this provides a basis for federal question jurisdiction. *Id.* ¶¶ Q-T.

Plaintiff proceeded to file the instant Motion to Remand, arguing that Vdovicenco's second Notice of Removal was untimely and the Court does not have subject matter jurisdiction over the matter. ECF No. 4 at 4-7. Plaintiff requests $5,265 in attorneys' fees. *See id.* at 7; ECF No. 4-2 (Romeo Decl.) ¶ 4. Vdovicenco opposed the Motion to Remand and filed counterclaims against Plaintiff and Defendant Russell Robinson. ECF Nos. 11, 22. In relevant part, Vdovicenco's counterclaims assert that Plaintiff violated the PTFA. ECF No. 22 ¶¶ 28-34. Plaintiff filed a reply in support of her Motion to Remand, and, without leave of the Court, Vdovicenco filed a sur-reply. ECF Nos. 14, 17.

**II.     MOTION TO REMAND**

    **A.     Legal Standard**

District courts are courts of limited jurisdiction and thus may only hear cases that they have subject matter jurisdiction over. There are two primary sources of original subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. District courts have federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States," and diversity jurisdiction over cases where the amount in controversy exceeds $75,000

2

and is between citizens of different states. 28 U.S.C. §§ 1331, 1332(a). Civil actions filed in state court "may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending" if the district court has original jurisdiction—by way of federal question jurisdiction or diversity jurisdiction—over the matter. 28 U.S.C. § 1441(a). The defendant removing the case from state court has "the burden of establishing federal jurisdiction." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004).

Cases must be removed from state court to federal court within thirty days of the defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," except that if the initial pleading is not removable, the case may be removed "within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b).

Once a case has been removed to federal court, a party opposing removal may file a motion to remand the matter back to state court. 28 U.S.C. § 1447(c). Motions to remand based on defects "other than lack of subject matter jurisdiction" must be filed within thirty days of removal, but cases may be remanded due to lack of subject matter jurisdiction "at any time." *Id.*

**B.     Analysis**

Plaintiff argues that this matter must be remanded to state court because Vdovicenco's second removal was untimely under 28 U.S. Code Section 1446(b) and because the Vdovicenco has not established that the Court has subject matter jurisdiction over this case. The Court agrees with both arguments.

If a case is removable based on the initial pleading, it must be removed to federal court within thirty days of the defendant receiving a copy of the pleading. *See* 28 U.S.C. § 1446(b). Vdovicenco asserts that the Court has federal question jurisdiction over this matter, and thus that removal is warranted, based on Plaintiff's violation of the PTFA. Notice of Removal ¶¶ G-H. He claims that "Plaintiff Yan's complaint indicates a federal question exists and that this matter properly belongs in federal court." *Id.* ¶ D. As the asserted basis for federal question jurisdiction

3

1    was apparent from the original Complaint, Vdovicenco was required to file his notice of removal

2    within thirty days receiving a copy of the Complaint.  *See id.*; 28 U.S.C. § 1446(b).  Although it is

3    not entirely clear when Vdovicenco first received a copy of the Complaint, given that he had filed

4    a motion to strike the Complaint by June 2025 and filed his answer in July 2025, he clearly

5    received a copy of the Complaint more than thirty days before November 20, 2025.  *See* Notice of

6    Removal ¶ C; ECF No. 4-1 at 25-40 (State Court Register of Actions).[1]  His notice of removal,

7    filed on November 20, 2025, was thus untimely under 28 U.S. Code Section 1446(b).  Remand is

8    thus warranted.

9         Remand is also warranted because Vdovicenco has not shown that the Court has subject

10   matter jurisdiction over this case.  *See Lockyer*, 375 F.3d at 838.  Vdovicenco argues that federal

11   question jurisdiction exists because Plaintiff has violated a federal statute, the PTFA.  Notice of

12   Removal ¶¶ G-K, Q; *see* 12 U.S.C. § 5201 *et seq.*  But, as Judge Donato explained, Vdovicenco's

13   "belief that the PTFA may be a defense to unlawful detainer is not grounds for removal to federal

14   court."  *Yan v. Smith*, 2025 WL 3199417, at *1.  "The presence or absence of federal-question

15   jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

16   jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

17   pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quoting *Gully v. First*

18   *National Bank*, 299 U.S. 109, 112-113 (1936)); *see* 28 U.S.C. § 1331.  "[A] case may *not* be

19   removed to federal court on the basis of a federal defense" or federal counterclaim.  *Caterpillar*,

20   299 U.S. at 393; *see Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot

21   be predicated on an actual or anticipated defense … Nor can federal jurisdiction rest upon an

22   actual or anticipated counterclaim.").

23        Plaintiff's Complaint asserts one claim for unlawful detainer under California Code of

---

[1] Plaintiff requests that the Court take judicial notice of the Complaint and register of actions in the state court action (*Yan v. Smith*, Case No. 25CV117337, Alameda County Superior Court), and filings and the First Order to Remand in the first federal case (*Yan v. Smith*, Case No. 25-cv-06481, N.D. Cal.)  As the Court may take judicial notice facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Plaintiff's request for judicial notice is granted.  Fed. R. Evid. 201(b).

Civil Procedure Section 1161a.  *See* ECF No. 4-1 at 4-6.  Plaintiff asserts no claims under federal law.  *See id.*  Thus, the Complaint provides no basis for federal question jurisdiction, and Vdovicenco cannot create federal question jurisdiction by invoking federal law as a defense or counterclaim.  *See Caterpillar*, 482 U.S. at 392.

The Court concludes that it lacks subject matter jurisdiction over this case.[2]  This matter is accordingly REMANDED to Alameda County Superior Court.  *See* 28 U.S.C. § 1447(c).

## III.     REQUEST FOR ATTORNEY'S FEES

28 U.S. Code Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  "[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure from [this] rule."  *Id.*  The touchstone for determining if an award of attorneys' fees is warranted is the reasonableness of the removal.  *See id.*; *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007).

Plaintiff requests $5,265 in attorney's fees, for 7.7 hours spent reviewing the case and drafting the Motion to Remand and for an anticipated 4.0 hours "reviewing any opposition," drafting a reply, and "attending court on the hearing of this matter."  ECF No. 4 at 7; Romeo Decl. ¶ 4.  Plaintiff's counsel, Mark Romeo, attests that his hourly rate is $450, that he has practiced "in the area of lending, bankruptcy and secured real estate financing" for 40 years, and that his rate "is well within limits for work of this type."  Romeo Decl. ¶¶ 4-5.  Vdovicenco argues that an award of attorney's fees is improper because Plaintiff's Motion to Remand did "not give proper notice as to who she requests monetary sanctions from," the grounds for removal were reasonable, Mr. Romeo's may not recover fees for anticipated work, and Mr. Romeo failed to meet and confer with Vdovicenco as required by the Northern District's Civil Local Rules 7-8 and 54-5.  ECF No. 11 at 3-4.

---

[2] As Judge Donato explained, there is no ascertainable basis for diversity jurisdiction.  *See Yan v. Smith*, 2025 WL 3199417, at *1.

5

Vdovicenco's first argument—that Plaintiff did not give notice of who she requested fees from—is unavailing, as Plaintiff is requesting fees from Vdovicenco himself.  It is untenable to credit Vdovicenco's contention that he did not receive notice of Plaintiff's fee request when Vdovicenco has filed an opposition brief objecting to any requirement that he pay Plaintiff's attorneys' fees, and this issue was already litigated previously as part of Plaintiff's original request to remand the action.

His second argument is similarly unpersuasive.  Again, this is Vdovicenco's second attempt to remove this action.  Judge Donato previously remanded this case back to state court, explaining to Vdovicenco that there was no basis for federal question jurisdiction.  *See Yan v. Smith*, 2025 WL 3199417, at *1.  Judge Donato declined to award attorney's fees, concluding that although Vdovicenco's removal lacked merit, attorney's fees were not warranted as Vdovicenco was proceeding pro se and facing eviction.  *Id.* at 2.  Vdovicenco has now removed this action again, reviving the same arguments that Judge Donato rejected.  As Vdovicenco was previously informed that the Complaint did not provide a basis for federal question jurisdiction and his claim that Plaintiff violated the PTFA could not create a federal question, the undersigned concludes that Vdovicenco's removal on these same bases was unreasonable.  *See Martin*, 546 U.S. at 141.  Although the Court is sympathetic to the challenges Vdovicenco faces as a pro se litigant, given his "apparent disregard of the court's prior remand orders," the Court concludes that an award of attorney's fees is warranted.  *Wells Fargo Bank, N.A. v. Lombera*, No. C12-03496, 2012 WL 3249497, at *2 (N.D. Cal. Aug. 7, 2012); *see Clements v. Ivory*, No. 24-cv-04601, 2025 WL 753200, at *1 (N.D. Cal. Feb. 18, 2025) (awarding attorney fees "for work performed related to removal" where plaintiff's "[r]epeated removals on the same basis were a tactic to delay proceedings in state court"); *cf. AvalonBay Communities, Inc. v. LaRosa*, No. 24-cv-03044, 2024 WL 3740123, at *3 (N.D. Cal. July 18, 2024), *recommendation adopted,* 2025 WL 1489715 (N.D. Cal. May 23, 2025) (determining that there was no objectively reasonable basis for removal but declining to award attorney fees as it was the pro se plaintiff's first removal to federal court).

Vdovicenco's third argument against Plaintiff's request for attorney's fees fares better.  Mr. Romeo requests fees for time he anticipated spending on drafting his reply brief and attending

6

the hearing on this motion. Romeo Decl. ¶ 4. It would be illogical for Mr. Romeo to be able to recover fees for a hearing the Court has vacated. Reducing his fee award is thus appropriate. *See Smith v. Smith,* No. 21-cv-08691, 2021 WL 5585717, at *1 (N.D. Cal. Nov. 30, 2021) (declining to award attorney's fees for anticipated work); *Clements*, 2025 WL 753200, at *2 ("As the Court vacated the hearing on this motion it declines to award the anticipated fees.") (citation omitted).

Vdovicenco lastly argues that Plaintiff's request for attorney's fees must be denied because Plaintiff did not comply with Civil Local Rules 7-8 and 54-5. Rule 7-8 addresses motions for sanctions and does not apply to Plaintiff's request for attorney's fees pursuant to 28 U.S. Code Section 1447(c). Rule 54-5, which, in relevant part, requires a statement "that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to" motions for attorney's fees, addresses motions for attorney's fees filed after the entry of judgment. Although there is some support for Plaintiff's argument that the meet and confer requirement of Rule 54-5 applies to requests for attorney's fees under 28 U.S. Code Section 1447(c), *see Clements*, 2025 WL 753200, at *1, the undersigned reads Rule 54-5 as applying specifically to motions for attorney's fees filed after entry of judgment and does not impose its meet-and-confer requirements to requests for attorney's fees filed pursuant to 28 U.S. Code Section 1447(c). The Court accordingly concludes that Plaintiff was not required to comply with the procedural requirements of Local Rule 54-5.

Mr. Romeo requests attorney's fees for 11.7 hours of billable time at a rate of $450 per hour. Romeo Decl. ¶ 4. The Court finds that Mr. Romeo's hourly rate is reasonable, given his experience and the prevailing rate in the relevant legal community, but finds that the number of hours claimed is excessive. First, as discussed above, Mr. Romeo requests fees for time spent preparing for and attending a hearing the Court has vacated. Second, Mr. Romeo's generalized statement that he spent 7.7 hours preparing "the instant motion and related papers" is insufficient to show the hours worked are reasonable, as he provides no documentation of the time spent on particular tasks and "the issues raised in the motion are not complicated and thus should not have taken an undue amount of time to address," particularly given that this motion in large part repeated the arguments for remand Plaintiff raised in front of Judge Donato. *Samra v. Am. Nat'l*

7

*Prop. & Cas. Co.*, No. 25-cv-09689, 2025 WL 3774987, at *3 (N.D. Cal. Dec. 31, 2025); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (explaining that the party "seeking an award of fees should submit evidence supporting the hours worked," and, where documentation is inadequate, courts "may reduce the award accordingly"). The undersigned finds that it would be reasonable to spend four hours on this matter, including evaluation of the opposition and preparation of the reply brief. *See id.*; *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) (courts have "wide discretion" to award attorney's fees under Section 1447(c)). At an hourly rate of $450, this amounts to a fee award of $1,800.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. Her request for attorney's fees is GRANTED in part. The Clerk of Court shall remand this case to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: January 12, 2026

LISA J. CISNEROS
United States Magistrate Judge